UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAWNA DUNVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:22-cv-45 |
| | ) |
| FEDEX FREIGHT, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. Nature of the Case

1. Plaintiff, Dawna Dunville ("Dunville"), brings this Complaint against Defendant, Fedex Freight, Inc. ("Defendant"), for its discriminatory actions towards her based on her gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

### II. Parties

2. Dunville is a citizen of the United States and has resided within the Commonwealth of Kentucky at all relevant times hereto.

3. Defendant is Foreign For-Profit Corporation located within and conducts business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Dunville, at all times relevant hereto, was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Dunville satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2021-02739. Dunville received her Notice of Suit Rights and timely filed this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. Dunville, who is female, was hired by the Defendant in or about 1994.

10. Dunville held the position of Supervisor upon her discharge on April 19, 2021.

11. At all times relevant, Dunville met or exceeded the Defendant's legitimate performance expectations.

12. Dunville was the only female supervisor employed by the Defendant at the location where she worked.

13. Throughout her tenure, Dunville has been spoken to - inappropriately – due to her gender, but Dunville ignored the inappropriate comments and performed her job at a high level for 27 years.

14. In early 2021, Dunville was informed that a male co-worker, Jeremy Shultz ("Shultz"), was angry over the routes assigned to him by Dunville. Shultz made it clear he was out to get her job and/or have her terminated.

15. Dunville worked with Scott McCormick ("McCormick") for over 15 years. Almost everyone at the facility – including males - refers to McCormick as "Scottie too Hottie." Shultz filed a complaint against Dunville alleging he was offended by Dunville referring to McCormick that way.

16. Dunville was also falsely accused by Shultz of using racial slurs at work.

17. Dunville – in no way, shape or form – every used racial slurs. Dunville did admit to calling McCormick "Scottie too Hottie" and signed a statement agreeing to not call him that anymore – even though McCormick had no issue and male employees were not disciplined for the exact same reference.

18. On or about April 13, 2021, Dunville was suspended from work – with pay – for referring to McCormick's son, who works for the Defendant and who Dunville has known since he was a child, as "baby doll." Shultz also filed this report.

19. Dunville was terminated from her employment on April 19, 2021.

20. Dunville went through the Defendant's appeals process; however, she was not allowed to have legal counsel or any representative and she was not allowed to present evidence.

21. In fact, Dunville appeared for the hearing with legal counsel and the Defendant cancelled the hearing and rescheduled it for a later date and ordered that Dunville could not have legal counsel.  In sum, it was a sham.

22. Dunville was ultimately terminated for misconduct in violation of Defendant's Conduct Policy.

23. Numerous male employees use vulgar language, use profanity, make lewd jokes, and make inappropriate comments on a daily basis – all violations of Defendant's Conduct Policy; however, the male employees are not even disciplined – much less terminated.

24. Dunville was harassed, discriminated against and terminated based on her gender.

## V. Causes of Action

### Count I.  Gender Discrimination Claim

25. Dunville hereby incorporates by reference paragraphs one (1) through twenty-four (24) of her Complaint.

26. Dunville was harassed, subject to a hostile work environment, discriminated against and terminated based on her gender.

27. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

28. Defendant's actions were willful, intentional, and done with reckless disregard for Dunville's civil rights.

29. Dunville has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Dawna Dunville, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender;

2. Order diversity training for all of Defendant's Management personnel;

3. Reinstate Plaintiff to her former position with corresponding seniority, shift, pay and benefits or award front pay in lieu thereof;

4. Order that the Plaintiff be awarded lost wages, including fringe benefits, lost holiday and overtime, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

5. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

6. Award the Plaintiff punitive damages;

7. Award the Plaintiff her attorney's fees, litigation expenses, and costs incurred as a result of this action;

8. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005

Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Dawna Dunville, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*